IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH X. REDFERN, #1208140 | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No: JKB-13-952 |
| WARDEN, BALTIMORE CITY DETENTION CENTER | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \*

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS OR FOR SUMMARY JUDGMENT

Defendant Warden, Baltimore City Detention Center by his attorneys, Douglas F. Gansler, Attorney General and Donald E. Hoffman, Assistant Attorney General, pursuant to Fed. R. Civ. P. 12(b)(6) and 56, hereby files his Memorandum of Law in Support of Motion to Dismiss or for Summary Judgment for Plaintiff's failure to comply with this Court's Order of April 4, 2013, to keep a current address on file, and Local Rule 102.1.b.iii, upon his release from the Baltimore City Detention Center on April 23, 2013.

STATEMENT OF CASE

On or about March 29, 2013, Plaintiff filed *pro se*, a handwritten FORM T0 BE USED BY PRISONER FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. Section 1983.  ECF No. 1.  He sought unspecified compensation.  By its Order

of April 4, 2013, the Court instructed Plaintiff to supplement his Complaint, within twenty-eight days, by specifying "when and how his life has been threatened, his efforts to inform prison officials of his safety concerns, and any injury he has sustained." ECF No. 3.  Additionally, Plaintiff was instructed to specify additional information about his claim of having been given the wrong medicine, as well as any harm sustained both as to his medical claim and his alleged exposure to mold, old food, and fruit.

Plaintiff failed to supplement his Complaint and on May 10, 2013, the Court issued an Order requiring Counsel for the Defendant Warden, Baltimore City Detention Center ("BCDC") to file an expedited response on or before fourteen days, and that said response would "constitute neither acceptance on behalf of defendant nor waiver of any arguable defenses."  ECF No. 4.

## STATEMENT OF FACTS

The Plaintiff claims in his pro se Complaint that, presumably while at BCDC, he "was given the wrong medication and had bad reaction to it."  Complaint, III, p. 3 of 3.  ECF No. 1.  Additionally, he "was exposed to mold and given old food and fruit to eat." *Id.*  Plaintiff's brief "Statement of Claim" concludes with an allegation that his life was threatened and he was placed on sections where he had known enemies.  He claims he feared for his life daily. *Id.*

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows for motions raising certain enumerated defenses to be filed before pleading to a complaint.  The Defendant asserts the Complaint fails to state a claim upon which relief can be granted.

A Fed. R. Civ. P. 12(b)(6) motion is testing the legal sufficiency of the Complaint. *Edwards v. City of Goldsboro*, 178 F. 2d 231, 243 (4th Cir. 1999).  Therefore, the Court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F. 3d 472, 474 (4th Cir. 1997).

A complaint should be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible in its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  *See also*, *Girratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008) quoting *Bell Atlantic v Twombly*, 550 U.S. 544, 560-63, 127 S.Ct. at 1955, 1968-69 (2007)).  The complaint's allegations must be enough to raise a right to relief above the speculative level.  *Bell Atlantic,* 550 U.S. at 555, 127 S. Ct. at 1965 (citation omitted.)

For purposes of a Fed R. Civ. P. 12(b)(6) motion, the reviewing court need not accept unsupported conclusory allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Circ. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986), or conclusory factual allegations

devoid of any reference to actual events, practices, or policies. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also, Girratano*, 521 F.3d at 302.

It is well recognized that only "reasonable" inferences from the evidence need be considered by the court. *Sylvia Development Corp. v. Calvert County, MD*, 48 F. 3d 810, 818 (4th Cir. 1995). Additionally, it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553 (1980)).

Pursuant to Fed. R. Civ. P. 12(d) the Defendant has attached an affidavit of Ms. Deborah Carter, Director of Central Records Department. Because such affidavit may present matters outside the pleadings, the Defendant has styled his dispositive motion in the alternative as both a Motion to Dismiss or for Summary Judgment.

Summary judgment is appropriate against a plaintiff who fails to make a showing sufficient to establish the existence of an element essential to his case and on which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. Rule 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Failure to demonstrate a genuine issue for trial will result in summary judgment. *Bouchat v. Baltimore Ravens Football Club, Inc*. 345 F.3d 514, 522 (4th Cir. 2003).  The mere existence of a scintilla of evidence in support of a plaintiff's case is insufficient; there must be evidence on which a jury can reasonably find for the non-moving party. *Anderson*, 477 U.S. at 242, 106 S.Ct. at 2512.

## ARGUMENT

I. PLAINTIFF IS NO LONGER AT BCDC AND FAILED TO KEEP HIS ADDRESS CURRENT WITH THE CLERK.

By it Order of April 4, 2013, Plaintiff was required to "MAINTAIN a current address on file with the Clerk at all times while this case is pending…." ECF No. 3.  He has failed to do so.

Plaintiff was released from BCDC on April 23, 2013, and no longer subject to the alleged conditions described.  See, Affidavit of Deborah Carter, Director, Central Records Department attached hereto as Exhibit "A".  A review of the docket for this matter shows no change of address by Plaintiff.

Thus, Plaintiff has not only violated an Order of this Court, but Local Rule 102.1.b.iii.  Plaintiff's Complaint ought to be dismissed.

## CONCLUSION

For those reasons stated herein, Plaintiff's Complaint ought to be dismissed.

Respectfully submitted,

DOUGLAS F. GANSLER
ATTORNEY GENERAL OF MARYLAND

\_\_\_/s/_____
Donald E. Hoffman
Assistant Attorney General
Department of Public Safety and
 and Correctional Services
115 Sudbrook Lane, Suite A
Pikesville, MD  21208

Dehoffman@dpscs.state.md.us
 (410) 585-3081
(410) 764-5366 (fax)
Federal Bar No. 23529

Attorneys for the Defendant Warden

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of May, 2013, a copy of the foregoing State Defendants' Motion to Dismiss or for Summary Judgment was e-filed and mailed, postage prepaid, to Kenneth X. Redfern, #1208140, Baltimore City Detention Center, 401 East Eager Street, Baltimore, MD 21202, Plaintiff,  *pro* *se*.


\_\_\_/s/_____
Donald E. Hoffman